Bevan J. Maxey
MAXEY LAW OFFICE PLLC
1835 West Broadway Avenue
Spokane, WA 99201
Telephone: 509-326-0338
Facsimile: 509-325-4490
Attorney for Dezmonique Tenzsley

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DEZMONIQUE D. TENZSLEY,<br><br>    Defendant | NO.  2:22-CR-0157-TOR- 2<br><br>MOTION(S) FOR MISCELLANOUS RELIEF *Amended*<br>(Motion to Dismiss, Motion for Discovery, Motion for Grand Jury Testimony, Motion to Sever, Motion to Continue)<br><br>With oral argument at Pretrial Hearing June 28, 2023 at 10:00 a.m. |

**I. Motion to Dismiss**

Mr. Tenzsley respectfully moves the Court to dismiss Count I under Rule 12(b)(1) for lack of evidence. Count I charges Mr. Tenszley with willfully, deliberately, maliciously, and with premeditation and malice aforethought killing another person in violation of 18 U.S.C. §§ 1111, 1152, 1153. Rule 12(b)(1) states that a party may raise by pretrial motion any request that the court can determine without a trial on the merits. 18 U.S.C. § 1111 states that murder is unlawful killing of a human being with

malice aforethought. It includes any willful, deliberate, malicious, and premeditated killing, or a killing committed in the perpetration of robbery.

Mr. Pinkham said he saw Mr. Holt shoot the two homicide victims. (Affidavit of Brian Hoff, See Attachment 1 filed under seal) (Interview with Curry Pinkham, 16:30). A confidential informant said that Mr. Holt told him that Mr. Tenszley went with Mr. Holt to a trailer to rob someone. (Affidavit of Brian Hoff, See Attachment 1 filed under seal) It was not until Mr. Holt recognized who was in the trailer that he decided to shoot someone. *Id*. Mr. Holt then shot the male and the female in the trailer and he and Mr. Tenszley then left. *Id*. (See Attachment 1 filed under seal)

All of these accounts are remarkably similar. They show that Mr. Holt was the one who shot the two victims on that day. Furthermore, the evidence indicates that Mr. Holt did not decide to shoot the victims until he saw who they were. They were only planning on robbing them. In conclusion, since there was no evidence or testimony that Mr. Tenszley unlawfully killed a human being with malice aforethought, we respectfully ask the Court to dismiss Count I in the indictment.

**II. Motion for Discovery**

We move the court to compel discovery under LCrR 16(f). That rule says that within 14 days after arraignment, the government shall provide all discovery materials. We have emailed back and forth with the prosecuting attorney and have had numerous phone calls discussing discovery, and while a lot has been provided, we are

MOTION FOR MISCELLANOUS RELIEF- 2

still missing expert reports i.e. fingerprints, ballistics, and blood analysis. Therefore, we ask that a deadline for the production of discovery be set 60 days from this date, and all discovery to be turned over by that date. If all the discovery is not provided, speedy trial will need to be waived again.

We also move the Court to require the disclosure of all impeachment evidence under the rule set forth in *Giglio v. U.S.*, 405 U.S. 150, 92 S.Ct. 763 (1972) and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), requiring that all impeachment evidence be turned over to the opposing party. We also ask the government to designate any statements that will be used in trial. We also ask that all impeachment evidence be turned over within 60 days.

**III.    Motion for Grand Jury Testimony**

We move the court to provide the defense with the testimony that was given at the grand jury proceedings under FRCRP 26.2 (a) and 18 U.S.C. § 3500(b). This rule states that on the motion of the party that did not call a witness, the Court must order an attorney from the government to produce any statement made by the witness that is in their possession. A statement is defined as 1) a written statement the witness makes and signs, or otherwise adopts or approves; 2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or transcription of a recording; or 3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement. FRCRP 26.2

MOTION FOR MISCELLANOUS RELIEF- 3

(f). Therefore, we are requesting all statements, as defined above, made by all witnesses in the grand jury proceedings. We ask this because we anticipate that the witnesses who testified before the grand jury will be the same witnesses who will testify at trial. We ask that all grand jury testimony be turned over within 60 days.

**IV.   Motion to Sever**

    **A. Introduction**

While Dezmonique Tenszley's co-defendant, Zachery Holt, was incarcerated, he gave a fellow prisoner a complete account of the events of October 20, 2022. (Affidavit of Brian Hoff - See Attachment 1 filed under seal). This story implicates several co-defendants, including Curry Pinkham and Dezmonique Tenszley. *Id*. On December 12, 2022, this inmate sat down for an interview at the United States Attorney's office and became an informant, telling his entire story to the Government. *Id*. Because the testimony of this informant contains the confession of Mr. Holt that implicates Mr. Tenszley, yet Mr. Holt has not agreed to testify in this case, in order to protect Mr. Tenszley's Sixth Amendment right to confront his accuser.

    **B. Discussion**

In *Bruton*, a postal carrier testified that the co-defendant, Evans, orally confessed to him that Evans and petitioner committed the armed robbery. *Bruton,* 391 U.S. at 123. The Supreme Court held, despite a limiting instruction, the introduction of Evan's out-of-court confession at Bruton's trial had violated Bruton's right,

MOTION FOR MISCELLANOUS RELIEF- 4

MAXEY LAW OFFICE PLLC
1835 WEST BROADWAY
SPOKANE, WA 99201
509-326-0338

protected by the Sixth Amendment to cross-examine witnesses. *Id*. At 137. It was the inability to cross-examine Evans (not the postal inspector) that created the Sixth Amendment violation. Similarly, it is the inability to examine Zachery Holt not the government witness who testifies about the proported out-of-court confession that violates Mr. Tenzsley's Sixth Amendment rights and warrants a severance. In addition, Federal Rule of Criminal Procedure Rule 14(a) states "if the joinder of offenses or defendants in an indictment, an information, or a consolidation appears to prejudice a defendant or the government, the court may order separate trial of counts, sever defendants' trials, or provide any other relief justice requires."

While in prison, Mr. Tenzsley's co-defendant, Mr. Holt, told a confidential informant about the events of that day, including Mr. Tenzsley's involvement. Following the rule in *Bruton*, it would be a violation of Mr. Tenzsley's Sixth Amendment right to confront his accuser if the trials are not severed. It would be unreasonable for the jury to follow an instruction that tells them to consider the confession of Mr. Holt with regards to his own case, but ignore it with regards to Mr. Tenzsley's case. It goes against human nature for a jury to consider a compelling piece of evidence for one defendant while completely disregarding it for another defendant. These likely actions by a jury will severely prejudice Mr. Tenszley, and therefore justice requires that the two trials be severed, and separate trials for both co-defendants be held.

MOTION FOR MISCELLANOUS RELIEF- 5

MAXEY LAW OFFICE PLLC
1835 WEST BROADWAY
SPOKANE, WA 99201
509-326-0338

While there are judicial economy concerns with severance, the right of Mr. Tenzsley to have a fair trial and confront his accuser outweighs the time and expense of having a second trial. In addition, two trials would be held regardless on the occasion that severance is denied and it is reversed on appeal.

### C. Conclusion

In a homicide case, judicial economy should not outweigh Dezmonique Tenszley's Sixth Amendment right to confront his accuser, which would not be possible if Mr. Holt's statements against him are presented to the jury and Mr. Holt does not testify. For these reasons, Dezmonique Tenszley respectfully asks the Court to grant a severance.

### V. Motion for Continuance and Extension of Time to File Motions

Finally, due to the extended amount of time necessary to prepare for trial, in addition to the time required to receive expert reports, fingerprints, ballistics, blood analysis, grand jury testimony, and impeachment evidence, we are asking the Court for a continuance until November of 2023 and deadlines for filing motions also be extended.

Respectfully submitted this 8th day of June 2023.

*/s/Bevan J. Maxey*
_____
BEVAN J. MAXEY, #13827
Attorney for Defendant

MOTION FOR MISCELLANOUS RELIEF- 6

MAXEY LAW OFFICE PLLC
1835 WEST BROADWAY
SPOKANE, WA 99201
509-326-0338

# CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants(s):

Richard Barker
Assistant United States Attorney
920 West Riverside, #300
Spokane, WA 99201

Michael Ellis
Assistant United States Attorney
920 W. Riverside, # 300
Spokane, WA 99201

Alexa Actor-McCully
Maxey Law Offices, PLLC
West 1835 Broadway
Spokane, WA 99201